# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| PATRICIA HAJDUCH,<br><br>Plaintiff,<br><br>v.<br><br>IVY TECH COMMUNITY COLLEGE, and ROBERT JEFFS, in his official and individual capacity as Vice Chancellor, Ivy Tech Michigan City,<br><br>Defendant. | CAUSE NO.: 3:19-CV-606-HAB-MGG |

## OPINION AND ORDER

Pending before the Court is Defendant Ivy Tech Community College's Motion to Dismiss Count III of Plaintiff's Amended Complaint: Retaliatory Discharge in Violation of Indiana Common Law (*Frampton* Claim) [ECF No. 10], which the Court has converted to a Motion for Summary Judgment [ECF No. 18]. Defendant argues that Plaintiff has failed to comply with the notice provisions of the Indiana Tort Claims Act (ITCA or the Act). Plaintiff asserts that she substantially complied with the notice provisions of the Act when, on July 2, 2018, her counsel sent a demand letter to Defendant's counsel setting out the nature of Plaintiff's claims against Defendant. Both sides have submitted their respective briefs and evidence, and the matter is ripe for the Court's consideration.

## ANALYSIS

The ITCA applies to all claims and suits in tort against a state or political subdivision, such as Defendant Ivy Tech. *See* Ind. Code § 34–6–2–110(7) (providing that

a state education institution is a "political subdivision" for purposes of the ITCA). The ITCA "establish[es] procedures for cases involving the prosecution of tort claims against governmental entities." *State v. Willits*, 773 N.E.2d 808, 814 (Ind. 2002); *see also Oshinski v. N. Ind. Commuter Transp. Dist.*, 843 N.E.2d 536, 544 (Ind. Ct. App. 2006) (noting that the ITCA "operates as an unequivocal statement of Indiana's consent to be sued in tort *provided certain qualifications . . . are fulfilled.*" (emphasis added)).

One of the ITCA's qualifications is the notice requirement set forth in Indiana Code § 34-13-3-8. That provision bars any claim against a political subdivision unless notice is filed with (1) the governing body of the political subdivision and (2) the Indiana Political Subdivision Risk Management Commission, within 180 days after a loss occurs. Ind. Code § 34–13–3–8. "The purpose of notice is to provide an opportunity for the State to investigate, determine liability and prepare a defense to the tort claim." *Orem v. Ivy Tech State Coll.*, 711 N.E.2d 864, 869 (Ind. Ct. App. 1999) (citing *Burggrabe v. Board of Pub. Works*, 469 N.E.2d 1233, 1235–36 (Ind. Ct. App. 1984)).

Plaintiff does not refute that she was required to comply with the notice provision of the ITCA to pursue her common law retaliatory discharge claim against Defendant. Plaintiff asserts that her demand letter of July 2, 2019 (the Letter), substantially complies with the notice requirements of the ITCA, which requires that the notice

> describe in a short and plain statement the facts on which the claim is based. The statement must include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.

2

Ind. Code § 34-13-3-10. The burden of proving compliance with the notice provisions lies with the plaintiff. *See State v. Hughes*, 575 N.E.2d 676, 678 (Ind. Ct. App. 1991).

Because the ITCA is a statute in derogation of the common law, it must be strictly construed against limitations on the claimant's right to bring suit." *Schoettmer v. Wright*, 992 N.E.2d 702, 706 (Ind. 2013) (quotation marks omitted). Therefore, notice will be considered sufficient if it substantially complies with the content requirements of the statute. *Collier v. Prater*, 544 N.E.2d 497, 499 (Ind. 1989). "Substantial compliance focuses on the nature of the notice itself, and is concerned with the extent to which the form, content, and timing of the notice complies with the requirements of the notice statute." *Fowler v. Brewer*, 773 N.E.2d 858, 863 (Ind. Ct. App. 2002) (quoting *McConnell v. Porter Mem'l Hosp.*, 698 N.E.2d 865, 868 (Ind. Ct. App. 1998)). "In general, a notice that is filed within the 180 day period, informs the [political subdivision] of the claimant's intent to make a claim and contains sufficient information which reasonably affords the [political subdivision] an opportunity to promptly investigate the claim satisfies the purpose of the statute and will be held to substantially comply with it." *Collier*, 544 N.E.2d at 499.

The Letter is addressed to Jim Clark, associate counsel for Ivy Tech State College. Clark had represented Ivy Tech in connection with Plaintiff's claims at the Equal Employment Opportunity Commission. The Letter is dated July 2, 2019, which is within 180 days from when Plaintiff incurred the loss. The Letter is "an attempt to resolve [Plaintiff's] claims without the necessity for litigation" and sets forth the facts supporting Plaintiff's position that Defendant knew Plaintiff had a disability and was seeking worker's compensation benefits and was terminated from her employment as an act of

3

retaliation. (ECF No. 15-1.) Counsel advised that Plaintiff intended to "proceed in court with her claims for failure to accommodate, disability discrimination and retaliation, and retaliation for having requested workers' compensation benefits." (*Id.* at 2.) However, Plaintiff had given her counsel "authority to make a settlement demand of $75,000, plus a neutral reference." (*Id.*) "If resolution is not reached within thirty (30) days of the date of this letter, Ms. Hajduch intends to pursue all of her legal rights and remedies in court." (*Id.*)

It is undisputed that Plaintiff did not provide written notice to the governing body of Ivy Tech or to the Indiana Political Subdivision Risk Management Commission.[1] In addition, the Letter was not delivered in person or by registered or certified mail as required by Indiana Code § 34-13-3-12. However, the contents of the Letter, as opposed to who it was sent to, appears to be the most important aspect of a substantial compliance inquiry. *See Collier*, 544 N.E. 2d at 499 ("[A] a notice is sufficient if it substantially complies with the *content* requirements of the statute." (emphasis added)). Thus, the Indiana Supreme Court has concluded that notice mailed to a city's legal department instead of to the mayor, as statutorily required, was sufficient notice. *See Galbreath v. City of Indianapolis*, 255 N.E.2d 225 (Ind. 1970). Notice to a city's insurance carrier, however, was not sufficient where the claimant "took no steps whatsoever to comply with the notice

---

[1] A claim against a political subdivision is not barred for failure to file notice with the Indiana Political Subdivision Risk Management Commission if the political subdivision was not a member of the political subdivision risk management fund at the time the act or omission took place. Ind. Code § 34-13-3-8(b). There has been no argument that Ivy Tech was a member of the fund.

statute." *Schoettmer*, 992 N.E.2d at 708 (quoting *Brown v. Alexander*, 876 N.E.2d 376, 383 (Ind. Ct. App. 2007)). In *Brown*, the defendant was provided "none of the financial details required to settle the claim." 876 N.E.2d at 383.

Here, Defendant asserts that the Letter does not quantify the amount of tort damages that Plaintiff purportedly incurred and would pursue in court. Instead, the Letter makes a settlement demand for all claims, failing to delineate between the amount of damages stemming from the tort claim as opposed to the American with Disabilities Act non-tort claims. Neither, according to Defendant, does the Letter explain the extent of the loss. For example, Plaintiff did not explain whether she was claiming lost wages, which could have been fully mitigated, or whether she was alleging that she sustained emotional distress.

Defendant also notes that Plaintiff did not conduct herself as if the Letter was a notice of her tort claim. Had it been intended as notice of a tort claim, Plaintiff would not have filed a lawsuit until the public entity formally denied the claim or ninety days passed. *See* Ind. Code § 34-13-3-11 (stating that the government entity must approve or deny the claim within ninety days); *Id.* § 34-13-3-13 (prohibiting initiation of tort claim unless the person's claim has been denied in whole or part). Instead, she filed her lawsuit thirty-eight days after sending the Letter.[2]

---

[2] Plaintiff's tort claim, to the extent it was filed before the expiration of the time within which Defendant was statutorily permitted to deny the claim, was premature. *See Bradley v. Eagle-Union Cmty. Sch. Corp. Bd. of Sch. Trustees*, 647 N.E.2d 672, 676 (Ind. Ct. App. 1995) (noting that premature tort claim should have been dismissed without prejudice). However, the operative pleading in this matter is Plaintiff's Amended Complaint, filed on October 14, 2019, which was not premature under Indiana Code § 34-13-3-13.

The Court finds that "[t]he crucial consideration" which "is whether the notice supplied by the [Plaintiff] of [her] intent to take legal action contains sufficient information for the [Defendant] to ascertain the full nature of the claim against it so that it can determine its liability and prepare a defense," *Collier*, 544 N.E.2d at 500, is answered in the affirmative. Plaintiff's subjective reasons for sending the Letter did not alter its contents and whether it satisfied the purposes of the Act's notice requirement. This content notified legal counsel for Defendant that Plaintiff intended to seek damages from Defendant in an action at law. It sufficiently described Plaintiff's loss as the unlawful termination of her employment. The Letter provided details regarding the circumstances that brought about this loss, described the time and place the loss occurred, and identified the people who were involved. The demand for $75,000 in settlement, even though it included all three claims Plaintiff intended to litigate, provided "sufficient information for the [Defendant] to ascertain the full nature of the claim against it so that it [could] determine its liability and prepare a defense." *Collier*, 544 N.E.2d at 500; *see also Schoettmer*, 992 N.E.2d at 707 (describing the purpose of the notice requirement). The contemporaneous pursuit of an alternative theory under which to recover the losses brought about by the termination of her employment—retaliatory discharge under the ADA—did not deprive Defendant of the information that reasonably afforded it an opportunity to promptly investigate the claim that her termination was retaliation for filing a worker's compensation claim.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion to Dismiss as converted to a Motion for Summary Judgment [ECF No. 10].

SO ORDERED on November 15, 2019.

                             s/ *Holly A. Brady*
                             JUDGE HOLLY A. BRADY
                             UNITED STATES DISTRICT COURT